Nichols, Judge, concurring:
The stipulation in this case shows that the Army excluded 4 years 8 months 21 days from its computation of active duty service for retirement purposes, calling it — at least the stipulation does — “civilian and military confinement”. The whole amount of such confinement would have been almost a year longer and the figure used almost exactly equals the military confinement only, which started January 23, 1965, the first conviction or February 5,1965, transfer to Disciplinary Barracks at Leavenworth, and ended September 22,1969, plaintiff released, or October 1, 1969, plaintiff discharged. I conclude the Army allowed plaintiff the time of his civilian confinement as creditable service for retirement purposes in making its computation. Plaintiff calls attention in its “further brief” of February 20, 1973, to 38 Comp. Gen. 352 (1958) which seems to hold that an absent period of an officer due to his own misconduct, which would forfeit pay and allowances, nevertheless counts as creditable service for longevity pay and retirement. I would not take this too seriously except that defendant seems to have followed the same rule. The court and Judge Davis therefore may not be right in supposing that it is unnecessary, in adjudicating the claim for retirement pay, to come to grips with the creditability of time spent by plaintiff in military confinement. I deem it well that Judge Skelton has considered the problem despite his belief it is unnecessary to do so.
As regards the service beyond the mandatory retirement date (January 1,1965) not being creditable, I note again the position of the defendant was apparently not consistent with the court’s. It is again anomalous to allow active duty pay for a period of confinement, as defendant has done here, and not allow credit towards retirement. Also, it would seem defendant should have back dated the honorable discharge to January 1, 1965, if it was going to take the position it takes here.
The facts are unique, and one hopes will remain so. I am not prepared on this record to repudiate the reasonable general rule Judge Skelton has fashioned, that a soldier does not perform “active duty” during a period of criminal confine *616 ment caused by bis own misconduct, even if tbe confinement was illegal for reasons irrelevant to the soldier’s guilt or innocence. If an innocent person was criminally confined, the Board for Correction of Military Records could correct the record to show “active duty” and no doubt would abuse its discretion if it refused.
The one sure thing is that plaintiff has not earned 20 year retirement. If stating just how he falls short requires some result-oriented jurisprudence, so be it. The law has been more than generous with Captain Borys and it is just not realistic to imagine any court is going to award him more.